CITY OF PROVIDENCE *vs.* ROYAL F. PAINE *et. als.*

JUNE 7, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Jitney Busses.   Bonds.*

Pub. Laws, R. I. cap. 1263, " An act relative to carriers of passengers by motor vehicles and authorizing the cities and towns to regulate the same," provides that cities and towns may license " jitney" busses and that no license shall issue until a bond with surety is given conditioned for the payment of "all damages sustained by any person injured in his person or property caused by any careless, negligent or unlawful act on the part of the principal named in such bond, his agents, employees, or drivers in the use or operation of such motor bus."

Under authority of this chapter the city of Providence passed Chapter 93 of its ordinances.

*Held,* that a person injured by the negligence of a motor bus licensee in the operation of his motor car had the choice of proceeding in the recovery of damages either by an action of trespass on the case or an action of debt on bond, and it was not necessary for plaintiff to recover judgment against the principal for negligence in causing the injury, before maintaining against the principal and sureties an action on the bond.

*Held,* further, that the liability of the sureties was unconditional and they might be proceeded against alone, the bond in the case at bar being joint and several.

*Held,* further, that the right of action on the bond was not limited to passengers in the car of the licensee, but was also for the benefit of pedestrians or persons on automobiles other than that of the licensee.

DEBT ON BOND.   Certified under Gen. Laws, 1909, cap. 298, § 5.

BAKER, J.   This is an action of debt on bond brought by the city of Providence for the use and benefit of Lillian G. May, of the town of Warwick, in this State, against Royal F. Paine, Henry P. Paine and Emilie Paine, all of the city of Pawtucket, in said State.

The declaration alleges that pursuant to the provisions of Chapter 1263 of the Public Laws passed at the January Session of 1915, and Chapter 93 of the Ordinances of the City of Providence, approved May 19, 1915, a motor bus license, No. 99, dated July 22, 1916, for the term expiring the first Monday of July, 1917, had been granted to said Royal F. Paine by the Board of Police Commissioners of said

city of Providence for the purpose of operating in said city of Providence, for the conveyance of passengers for hire a certain motor vehicle capable of carrying six passengers, popularly known and described as a "jitney;" that at the time of the granting of such license the said Royal F. Paine, as principal, and said Henry P. Paine and Emilie Paine, as sureties, executed and delivered their bond to said city of Providence in the sum of three thousand dollars, conditioned to pay all damages sustained by any person injured in his person or property by any careless, negligent or unlawful act on the part of said principal, his agents, employees or drivers in the use or operation of said motor bus; that said Lillian G. May was traveling as a passenger in another motor bus on North Main street, in said city of Providence, and was in the exercise of due care, and the said Royal F. Paine was then and there by himself, or his agents or servants, operating said motor bus, licensed as aforesaid as No. 99, and so carelessly and negligently operated and controlled his said motor bus as to cause the same to violently collide with the motor car in which the said Lillian G. May was riding, by reason whereof she sustained "damages to her person" for which damages the said defendants refuse to pay, whereby an action has accrued to the plaintiff to recover for said damages, which are laid in the sum of three thousand dollars.

The defendants demurred to the declaration on the following grounds:

"1st.    That it does not appear in the said declaration that the plaintiff ever sued and recovered judgment against Royal F. Paine, the principal, whose negligence, it is alleged, caused the aforesaid damage to the plaintiff.

"2nd.    That it appears from said declaration that the said plaintiff was not a passenger on the said defendant's Royal F. Paine, automobile.

"3rd.    That the bond given in pursuance to Chapter 1263 of the Public Laws passed at the January Session, A. D. 1915, and Chapter 93 of the Ordinances of the City of Providence approved May 19, 1915, is a bond given for the benefit

of the passengers and on the defendant's, Royal F. Paine, automobile only and not for the benefit of pedestrians or persons on automobiles other than that of the licensee."

When the case came up for hearing on the demurrer, the Superior Court before further proceeding certified the following questions to be determined by this court under Section 5 of Chapter 298 of the General Laws of 1909, namely:

"First: Is it necessary for the plaintiff in this case to sue and recover judgment against the principal Royal F. Paine whose negligence is alleged to have caused the damage to the person for whose benefit this action is brought before plaintiff can maintain against the principal and sureties, the present action of debt on the bond which said bond is that required to be given under and by virtue of the provisions of Chapter 1263 of the Public Laws of Rhode Island and passed at the January Session A. D. 1915, and by virtue of Chapter 93 of the Ordinances of the City of Providence, approved May 19, 1915?

"Second: Can the plaintiff bring this action against the principal and sureties named in bond set forth in declaration in this case, which said bond is a bond given under and by virtue of provision of Chapter 1263 of the Public Laws passed at the January Session, A. D. 1915, and by Chapter 93 of the Ordinances of the City of Providence approved May 19, 1915, before suing and recovering judgment against the principal Royal F. Paine?

"Third: Is the bond described in the declaration and given in pursuance of Chapter 1263 of the Public Laws passed at the January Session, A. D. 1915, and Chapter 93 of the Ordinances of the City of Providence approved May 19, 1915, a bond given for the benefit only of the passengers on the defendant Royal F. Paine's automobile or is it also for the benefit of pedestrians or persons on automobiles other than that of the licensee?

"Fourth: Is the bond described in the declaration and given in pursuance of Chapter 1263 of the Public Laws passed at the January Session, A. D. 1915, and Chapter 93

of the Ordinances of the City of Providence approved May 19, 1915, a bond given for the benefit of the person for whom suit is brought in this case?

"FIFTH: Does the fact that the person for whose benefit suit is brought in this case, was not a passenger in the automobile of Royal F. Paine, the principal named in said bond, bar said person from maintaining this action?

"SIXTH: Is the bond upon which suit is brought in this case and which is given pursuant to the provision of Chapter 1263 of the Public Laws passed at the January Session, A. D. 1915, and Chapter 93 of the Ordinances of the City of Providence approved May 19, 1915, a bond given for the benefit of every person injured in his person or property by any careless, negligent or unlawful act of the person named as principal in said bond and his agents or employees or is said bond for the benefit only of passengers in automobile of said person named as principal in said bond?"

Although six questions are stated in the order of certification they may readily for convenience of consideration be reduced to two, namely: first, Was it necessary for Lillian G. May to sue and recover judgment against Royal F. Paine for negligence in causing the alleged injuries to her, before she would be entitled to commence and prosecute the present action against the principal and sureties on their bond? Second, Has every person injured, within the period for which his license was granted, by the negligence of said Royal F. Paine in operating his said motor bus a right of action on his said bond, or is such right limited to persons injured while passengers on said Paine's said motor car?

(1) We think the first question must be answered in the negative. Before the passage of Chapter 1263, Lillian G. May, if injured as alleged, would have had her common law action of trespass on the case for the recovery of damages against the defendant Royal F. Paine. She has it still. Chapter 1263 gives her an additional remedy for such injury in the form of an action of debt on bond. Said chapter in its caption is described as "An Act relative to carriers of

passengers by motor vehicles and authorizing the cities and towns to regulate the same." By the passage of the act the General Assembly indicates that such regulation is necessary in the public interest. By the act authority is given to cities and towns to provide that no person shall engage in the business therein described without first obtaining a special annual license for each vehicle to be employed by such person in said business, that a fee shall be paid for each such license, and that no license for such motor vehicle shall issue until a bond with surety or sureties is given conditioned for the payment of "all damages sustained by any person injured in his person or property . . . caused by any careless, negligent or unlawful act on the part of the principal named in such bond, his agents, employees or drivers . . . . in the use or operation of such motor bus." It is clear that the legislature by the provision therefor deemed the giving of such bonds necessary for the protection of persons using the public ways on which the licensed motor vehicles were to operate. Under the authority conferred by this chapter the city of Providence passed Chapter 93 of its Ordinances, entitled "An Ordinance providing for licensing motor busses and regulating the operation thereof in The City of Providence." The Board of Police Commissioners was constituted the licensing body under it.

It is quite conceivable that in many cases the licensee of such a car would be of such small financial responsibility that the bond would be the sole reliance for indemnity for injuries wrongfully suffered. Unless the statute or the terms of the bond itself required that an action against the negligent licensee must precede the bringing of an action on the bond, such a course of procedure cannot be necessary. The action of trespass on the case is necessarily against the licensee alone. In such case, if the defendant's liability were established, the jury would of necessity pass on the question of damages. The damages awarded might be less or greater than the penal sum named in the bond. Suppose the sureties on the bond were then sued without the principal being

joined in the action, as could be done, the bond in this case being both joint and several. Is it not plain that the sureties in the action against them on their contract would be entitled to be as fully heard both as to the question of their liability and the question of damages, as if the action of trespass on the case had never been brought? There is nothing in the statute expressly or impliedly requiring the bringing of an action against the principal to determine his liability before an action is commenced on the bond. And there is nothing in the bond which makes the sureties liable only in the event that the principal fails to pay. On the contrary, their liability is unconditional and, as has already been stated, they may be proceeded against alone. It follows that a person injured by the negligence of a motor bus licensee in the operation of his motor car has the choice of proceeding in the recovery of damages in whichever manner he considers will be for his advantage, either by bringing an action of trespass on the case, if the licensee be financially responsible, or an action of debt on bond, if he deem that the more prudent course.

As to the second question, we are of opinion that the right of action on the bond is not limited to the passengers in the car of the licensee Paine. The language of Section 3 of Chapter 1263 that "*every* person injured in his person or property . . . may bring suit . . . against the principal and surety or sureties named in such bond," and the language of the bond wherein the obligors "agree to pay all damages sustained by *any* person injured in his person or property" by the negligence of the principal obligor is too comprehensive to receive the interpretation urged by the defendants. This claim of the defendants is based upon the requirement of the statute that the penal sum in the bond shall be proportional to the number of passengers authorized to be carried in any particular motor bus, namely, five hundred dollars for each such passenger. Obviously this is a rule which is simple and secures uniformity throughout the State in the fixing of these bonds, and perhaps this may

have furnished the reason for its adoption.   Doubtless these bonds may in serious accidents be too small in amount to provide adequate compensation for injuries sustained just as the statutory liability of four thousand dollars for an injury arising from a defective highway may be inadequate, but neither of these circumstances can justify the proposed narrow interpretation of the words "every person" of the statute or of the words "any person" of the bond.

Accordingly the first and fifth of the questions certified to this court are answered in the negative; the second and fourth questions are answered in the affirmative; to the third question it is answered that the bond declared on was not "given for the benefit only of the passengers on the defendant Royal F. Paine's automobile" but it is also "for the benefit of pedestrians or persons on automobiles other than that of the licensee;" and to the sixth question it is answered that the bond sued on is a "bond given for the benefit of every person injured in his person or property by any careless, negligent or unlawful act of the person named as principal in said bond and his agents or employees" and is not "for the benefit only of passengers in (the) automobile of said person named as principal in said bond."

Having decided the questions certified to us, we send back the papers in the cause, with our decision certified thereon, to the Superior Court for further proceedings.

*McGovern & Slattery*, for plaintiff.

*Pettine & De Pasquale, Luigi De Pasquale*, for defendant.