GEORGE C. CLARK, General Treasurer, *vs.* METROPOLITAN CASUALTY INSURANCE Co. *et al.*

JULY 2, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is an action of debt on bond brought by George C. Clark, General Treasurer, for the benefit of Nelson Lind upon the joint and several bond given by the defendants, the Interstate Motor Coach Corporation as principal and the Metropolitan Casualty Insurance Co. as surety.

To the amended declaration demurrers were filed by each of the defendants which were sustained by a justice of the

Superior Court. To the ruling of said justice upon the demurrers the plaintiff excepted and has brought that exception before us.

The defendant Motor Coach Corporation is the owner of a registered jitney bus operated under a certificate of public convenience and necessity issued by the public utilities commission under the provisions of Section 3, Chapter 254, Gen. Laws 1923. The bond in suit was given by said defendants, principal and surety, in compliance with the requirements of Section 13 of said chapter. The essential portions of said bond set out in the amended declaration are as follows: "whereas said principal and surety have undertaken . . . to pay all final judgments obtained against said principal for any injury to persons or property . . . caused by the use or operation of said registered jitney by said principal, and that any person so injured . . . may enforce payment of any such judgment by suit on this bond in the name of the General Treasurer . . . Now therefore if said principal and surety or either or any of them shall pay all final judgments obtained against the principal hereof as aforesaid then the obligation to be void otherwise to be and remain in full force and effect."

The amended declaration alleges that Nelson Lind, for whose benefit the suit was brought, had received personal injuries caused by the use and operation of said registered jitney bus by the principal in the bond.

The grounds of demurrer filed by each of the defendants were in substance that it does not appear by the amended declaration that said Lind has obtained any final judgment against the principal in the bond and also that the declaration does not allege the breach of any obligation appearing in the bond.

The ruling of the justice upon the demurrers was without error. By its terms the bond clearly requires that before a person injured by the operation of a registered jitney bus can maintain a suit for a breach of the bond he shall first obtain judgment against the principal in an action to recover

for inuries resulting from the operation of the jitney bus by the principal. The language of the statute requiring deposit of the bond with the General Treasurer and the form of the bond set out in the amended declaration admits of no other reasonable construction.

The contention of the plaintiff that he can sue for a breach of the bond without first obtaining judgment against the principal is based upon his view of the application which should be made in this case of the opinion in *City of Providence* v. *Paine*, 41 R. I. 333. That case was a suit upon a bond given in compliance with the statute then in force which provided that cities and towns might regulate the operation of jitney busses but that no license for the operation of such bus should issue until a bond with surety had been given conditioned upon the payment of "all damages sustained by any person injured in his person or property caused by any careless, negligent or unlawful act on the part of the principal named in such bond . . . in the use or operation of such motor bus." In that case it was held that a person injured was not required first to obtain judgment against the operator of the bus before commencing an action on the bond against the principal and sureties therein. The distinction between that case and the one at bar lies in the difference between the conditions named in the respective bonds on which the suits were brought. In the case against Paine the condition of the bond was to pay "all damages" sustained by a person injured through the negligent operation of the bus and the court held that the liability and the amount of such damages might be determined in the suit on the bond. The condition of the bond in the suit at bar is to pay the final judgment obtained against the principal for the injuries caused by the operation of the jitney.

The plaintiff claims that if he should be required to obtain judgment in an action of trespass on the case against the principal in the bond before bringing suit on the bond against both principal and surety, he would be obliged in the latter

action to establish again the liability of the principal and the amount of the plaintiff's damages, with the possibility of inconsistent verdicts upon those questions in the two suits. In this the plaintiff has misconceived the issues which would be presented in the two actions. In the first it would be as to the liability of the principal for the injury claimed; in the second, it would be as to whether the instrument sued upon was the bond of the principal and the surety, and whether there had been a breach of the bond by reason of the nonpayment of a judgment obtained by the plaintiff against the principal for injury resulting from the operation of the jitney bus by the principal.

The plaintiff's exceptions are overruled. The case is remitted to the Superior Court for further proceedings following the decision sustaining the demurrers.

*Fergus J. McOsker*, for plaintiff.

*McGovern & Slattery, Fred B. Perkins*, for defendant.

